IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, | ) | CIVIL NO 07-00614 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAROLD UHANE JIM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT**
**THE STATE'S MOTION TO REMAND TO STATE COURT**

On March 25, 2008, Plaintiff the State of Hawaii ("the State") filed its Motion to Remand to State Court ("Motion"). Pro se Defendant Harold U. Jim ("Defendant") filed a memorandum in opposition on May 5, 2008.  Over Defendant's objection, the Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the State's Motion be GRANTED for the reasons below.

**BACKGROUND**

On September 12, 2007, following a traffic collision which occurred in the District of Puna, in the County of Hawaii, Defendant was cited for driving a motor vehicle without a valid driver's license, in violation of Haw. Rev. Stat. § 286-102(b).

[Exh. A to Notice of Removal.]  On October 12, 2007, Defendant was arraigned on this offense in the District Court of the Third Circuit, State of Hawaii ("state court").

Defendant filed his "Motion to Dismiss Complaint for Lack of Jurisdiction and Unconstitutional" on October 11, 2007. Defendant argued that he is not subject to the laws of the County of Hawaii because he is of native Hawaiian ancestry.  He also argued that the criminal laws of the County of Hawaii are unconstitutional based on the Hawaiian Homes Commission Act ("HHCA") and Article XII, Section 3 of the Hawaii State Constitution ("Article XII"), which states "and the encumbrances authorized to be placed on Hawaiian homelands by officers other than those charged with the administration of such Act, shall not be increased, except with the consent of the United States." [Exh. B to Notice of Removal.]  In its memorandum in opposition to the motion to dismiss, the State argued, *inter alia*, that Defendant's Article XII and HHCA argument was previously rejected by the Hawaii Supreme Court in State v. Jim, 80 Haw. 168, 907 P.2d 754 (1995) ("Jim (1995)").[1]  [Exh. C to Notice of Removal.]

On November 23, 2007, the state court held a hearing on the motion to dismiss and orally denied the motion, citing Jim (1995).  On December 5, 2007, the state court issued a written

_____

[1] Harold Uhane Jim was also one of the defendants in Jim (1995).

2

order denying Defendant's motion to dismiss on the ground that the alleged offense did not occur on Hawaiian homelands.  [Exh. E to Notice of Removal.]

Defendant removed the action on December 20, 2007, in reliance on 28 U.S.C. § 1443(1).  Defendant argued that the state court's ruling constituted racial discrimination and was therefore unconstitutional.  He also alleged that he "lost all his remedies in State court pursuant to" Jim (1995).  [Notice of Removal at ¶ 7.]

In the instant Motion, the State argues that this case does not meet the requirements for removal jurisdiction under § 1443(1).  Defendant has not established that the enforcement of the criminal laws is racially motivated in any way, nor did he establish that there is a state law or constitutional provision which denies him the right to enforce the federal right in state court.  Finally, the State notes that Defendant did not establish that federal law grants him the right to engage in the act which violates state law.  The State therefore requests that the case be remanded to the state court.

In his memorandum in opposition, Defendant objects to the designation of the Motion as a non-hearing motion and requests a hearing.  Defendant alleges that the Hawaii criminal statutes cannot be enforced against him "as a homesteader of the HHCA" using public highways which run "through or over Hawaiian

homelands[.]"  [Mem. in Opp. at 5.]  He argues that the
enforcement of state and county laws on Hawaiian homelands is
unconstitutional and conflicts with Article XII.  Defendant
asserts that the case was properly removed pursuant to § 1443(1)
because he is entitled to "equal racial rights under equal
protection clause of a state/federal class legislation statutes
for native Hawaiians defined under federal law."  [Id. at 9.]
Defendant also argues that the state court will not enforce his
rights because it is bound by the Hawaii Supreme Court's decision
in Jim (1995).  He therefore argues that he has no state court
remedies and urges this Court to deny the instant Motion.

### DISCUSSION

I.   **Defendant's Untimely Memorandum in Opposition**

On April 2, 2008, this Court issued an entering order
("EO") stating that it would be considering the instant Motion as
a non-hearing motion and setting forth deadlines for the parties'
memoranda.  Defendant's memorandum in opposition was due on
April 16, 2008, and the State's reply memorandum was due on
April 30, 2008.

Defendant did not file his memorandum in opposition
until May 5, 2008.  Defendant accuses the State's counsel of
outrageous and unethical conduct for failing to provide notice of
the hearing date and time and the name of the presiding judge in
the Motion.  Local Rule LR7.1 states that a "notice of motion

4

shall appear on the first page of the moving document. . . .  All
related documents subsequently filed shall bear below the title
of the document (1) the date and time of the hearing, and (2) the
name of the presiding judge."  The State failed to attach a
notice of motion to the instant Motion as required by Local Rule
7.1.  While the Court does not condone any party's failure to
follow the rules of court, this omission was neither outrageous
nor unethical.  Further, the Court's April 2, 2008 EO, stated
that the Court was going to consider the Motion as a non-hearing
motion and informed the parties of their respective deadlines.

       Defendant states that he never received this Court's
April 2, 2008 EO and that he did not know about it until he
received a phone call from the State's counsel on May 1, 2008.
[Mem. in Opp. at 3.]  In light of Defendant's representation and
the fact that he is proceeding pro se, this Court will consider
Defendant's untimely memorandum in opposition.  The Court,
however, cautions Defendant that his pro se status does not
excuse him from complying with the procedural or substantive
rules of the court.  <u>See King v. Atiyeh</u>, 814 F.2d 565, 567 (9th
Cir. 1987) ("Pro se litigants must follow the same rules of
procedure that govern other litigants."); <u>see also United States
v. Bell</u>, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).
Accordingly, Defendant is put on notice that he may face
sanctions if he fails to comply with either the rules of the

court or the applicable deadlines.  <u>See</u> Fed. R. Civ. P. 11; Local

Rule LR11.1.  The Court also reminds Defendant that he must

inform the Clerk's Office if there are any changes to his mailing

address, e-mail address, or telephone number.

## II.  <u>The State's Motion</u>

Defendant removed the instant case pursuant to 28

U.S.C. § 1443(1).  Section 1443 provides, in pertinent part:

> Any of the following civil actions or
> criminal prosecutions, commenced in a State court
> may be removed by the defendant to the district
> court of the United States for the district and
> division embracing the place wherein it is
> pending:
>> (1) Against any person who is denied or
>> cannot enforce in the courts of such State a
>> right under any law providing for the equal
>> civil rights of citizens of the United
>> States, or of all persons within the
>> jurisdiction thereof[.]

Section 1443(1) presents a "specific and extremely narrow" ground

for removal.  <u>See</u> <u>Davis v. Superior Ct. of Cal.</u>, 464 F.2d 1272,

1273 (9th Cir. 1972).

The United States Supreme Court has established a two-

pronged test that a § 1443(1) removal petition must satisfy.

> First, it must appear that the right allegedly
> denied the removal petitioner arises under a
> federal law providing for specific civil rights
> stated in terms of racial equality.  Claims that
> prosecution and conviction will violate rights
> under constitutional or statutory provisions of
> general applicability or under statutes not
> protecting against racial discrimination, will not
> suffice. . . .
>> Second, it must appear, in accordance with
>> the provisions of s 1443(1), that the removal

6

> petitioner is denied or cannot enforce the
> specified federal rights in the courts of [the]
> State.  This provision normally requires that the
> denial be manifest in a formal expression of state
> law, such as a state legislative or constitutional
> provision, rather than a denial first made
> manifest in the trial of the case.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations and
quotation marks omitted) (some alterations in original).  The
Ninth Circuit has stated the first prong requires that the
removal petitioner in a criminal case assert the federal right as
a defense to the pending prosecution.  See Patel v. Del Taco,
Inc., 446 F.3d 996, 999 (9th Cir. 2006).

Defendant is charged with driving a motor vehicle
without a valid license, in violation of Haw. Rev. Stat. § 286-
102(b).  His asserted defense is that: 1) he is not subject to
the laws of the County of Hawaii because he is of native Hawaiian
ancestry; and 2) the criminal laws of the County of Hawaii are
unconstitutional based on the HHCA and Article XII because the
State is enforcing them without the consent of the United States
government.  It appears that Defendant argues that his
prosecution violates his federal civil rights pursuant to the
Equal Protection Clause of the United States Constitution, and 42
U.S.C. §§ 1981 and 1982.[2]

---

[2] In addressing the first prong of the Johnson test,
Defendant asserts that § 1443(1) "applies to Defendant as
grantee, equal racial rights under equal protection clause of a
state/federal class legislation statutes for native Hawaiians
(continued...)

7

The equal protection clause is a law of general
applicability and does not support removal under § 1443(1).  See
Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001) (per
curiam) ("[B]road assertions under the Equal Protection Clause .
. . are insufficient to support a valid claim for removal under §
1443(1).").  The United States Supreme Court has recognized that
§ 1981 qualifies as "a federal law providing for specific civil
rights stated in terms of racial equality".  See City of
Greenwood v. Peacock, 384 U.S. 808, 825 (1966).  Section 1982
arguably also qualifies.  See Johnson v. Mississippi, 488 F.2d
284, 286 (5th Cir. 1974) ("The Court's conclusion that § 1443(1)
encompasses 'any law providing for specific civil rights stated
in terms of racial equality' must be read in conjunction with the
Court's reference to the Civil Rights Act of 1866 as the 'model'
of a law within the meaning of § 1443(1).  The 1866 Act, the
substantive provisions of which are now codified as 42 U.S.C.A. §
1981 and § 1982, bestowed certain basic rights regardless of
race.").

        This Court, however, finds that there is no basis for
removal under § 1443(1) based on alleged violations of § 1981.

---

        [2](...continued)
defined under federal law.  Defendant's rights are given to him
by explicit statutory enactment, protection of equal racial civil
rights . . . ."  [Mem. in Opp. at 9 (emphasis added).]  In a
footnote to this statement, Defendant cites §§ 1981 and 1982.
[Id. at 9 n.5.]

Section 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]"  Defendant expressly refers to the right to enforce contracts, but he does not identify how his prosecution for driving without a license, an alleged offense which occurred on property which was not Hawaiian homelands, violates his right to enforce contracts.  See Kolas v. Rodriquez, No. 07 C 3480, 2007 WL 4219200, at *2 (N.D. Ill. Nov. 26, 2007) (finding no basis for removal under § 1443(1) based on alleged violations of the provision in § 1981(a) preserving the right to make and enforce contracts where the defendants failed to allege how the right was violated in the forcible entry and detainer actions).

Similarly, this Court finds that there is no basis for removal under § 1443(1) based on alleged violations of § 1982. Section 1982 states that "All citizens of the United States shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property."  Defendant does not identify how these rights are violated by the restriction of his ability to drive without a license.

This Court therefore finds that Defendant has not established that "the right allegedly denied [him] arises under a federal law providing for specific civil rights stated in terms of racial equality." See Johnson, 421 U.S. at 219.  Insofar as Defendant has not satisfied the first prong of the Johnson test, the Court need not address whether he has established the second prong.  See Miller v. Lambeth, 443 F.3d 757, 762 (10th Cir. 2006).  This Court concludes that the district court does not have removal jurisdiction over the instant case under § 1443(1).

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the State's Motion to Remand to State Court, filed March 25, 2008, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 13, 2008.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**STATE OF HAWAII V. HAROLD U. JIM; CIVIL NO. 07-00614 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT THE STATE'S MOTION TO REMAND TO STATE COURT**